IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANGELA DAVENPORT, | : | CIVIL ACTION NO. |
| | : | 1:13-CV-2358-TWT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| APOLLO   MD/INDEPENDENT | : | |
| PHYSICIAN GROUP, *et al.*, | : | **ORDER AND NON-FINAL REPORT** |
| | : | **AND  RECOMMENDATION  ON  A** |
| Defendants. | : | **MOTION TO DISMISS** |

Plaintiff Angela Davenport filed the above-styled civil action *pro se* on July 16, 2013, and filed an Amended Complaint on January 31, 2014. She claims that Defendants failed to protect her against unlawful sexual harassment by a co-worker, and unlawfully retaliated against her, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

The action is before the Court on the Motion to Dismiss [6] filed by Defendant ApolloMD/Independent Physicians Group ("ApolloMD"); the Plaintiff's "Motion in Opposition to Defendant's Motion to Dismiss" [9] ("Motion in Opposition"); the Motion to Dismiss Plaintiff's Amended Complaint [12] filed by ApolloMD; the Plaintiff's "Amendment to Complaint (Incorrect Name)" [14] ("Motion to Amend"); and the Plaintiff's Second "Motion in Opposition to Defendant's Motion to Dismiss" [16] ("Second Motion in Opposition").

For the reasons discussed below, the undersigned **RECOMMENDS** that ApolloMD's Motion to Dismiss [6] be **DENIED as moot**, and that ApolloMD's Motion to Dismiss Plaintiff's Amended Complaint [12] be **DENIED**.

Plaintiff's Motion in Opposition [9] and Plaintiff's Second Motion in Opposition [16] are **GRANTED**. Plaintiff's Motion to Amend [14] is **DENIED**.

## I.    BACKGROUND

Plaintiff Angela Davenport, proceeding *pro se*, filed the Complaint [1] on July 16, 2013. Plaintiff alleges in the Complaint that she was employed by Defendant ApolloMD from March of 2010 through March of 2012, when she voluntarily left her employment. Compl. [1] at ¶ 5. She claims that, during her employment at ApolloMD, she was sexually harassed by a co-worker, Quentin Stinson, starting in or around August of 2011. *Id.* at 4. She alleges that she requested that Stinson stop saying inappropriate comments to her, but he did not stop. *Id.* According to Plaintiff, she informed her supervisor Lisa Murray about the harassment by Stinson, but it did not stop. *Id.* at 4-5. Plaintiff alleges that, in January or February of 2012, she reported the harassment to Thea Dillinger in Human Resources, and provided copies of emails between her and Stinson reflecting the harassment. *Id.* at 6. Plaintiff contends that Dillinger later told her that Stinson had denied harassing the Plaintiff, and Dillinger told Plaintiff to stay away from Stinson. *Id.* Plaintiff alleges further that, after she

2

complained to Dillinger, she was "whacked" on her bottom by a manager, Kim Larson. *Id.* When she complained to Larson, Larson responded by saying "what are you going to do, run to HR." *Id.*

Plaintiff alleges that, in March of 2012, Stinson's employment was terminated for reasons unrelated to the alleged harassment. *Id.* at 7. On March 16, 2012, Plaintiff's supervisor, Murray, informed her that her job was "on the line" and in order to keep her job, she would be moved into Stinson's position, a position she had held earlier in her employment. *Id.* Plaintiff claims that this was a "demotion." *Id.* at 10. Plaintiff alleges that she then sought and obtained employment with another company and gave a letter of resignation to Murray on or about March 21, 2012, which stated that Plaintiff was resigning immediately. *Id.* at 8-9. Murray told Plaintiff that if Plaintiff did not give two weeks' notice, that she would never give Plaintiff a reference. *Id.* at 9. Plaintiff alleges that, on March 23, 2012, she received a Separation Notice from ApolloMD, and a Final Compensation Action document indicating that her pay on her final day was docked six hours because she only worked two hours. *Id.* at 10. Plaintiff contends that she actually worked more than three hours on her final day. *Id.* Plaintiff alleges that the Final Compensation Action also indicated that she owed the company 34 hours of PTO, which she claims was incorrect. *Id.*

3

Plaintiff alleges that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and that she received a Notice of Right-to-Sue letter from the EEOC on April 17, 2013. *Id.* at ¶ 11.

On November 12, 2013, Plaintiff filed a Motion to Amend [4], which was granted by the Court on January 15, 2014. *See* Order [8] dated January 15, 2014. Plaintiff then filed the Amended Complaint [10] on January 31, 2014. The Amended Complaint contained no new factual allegations or substantive claims, but added the following parties as Defendants: ApolloMD North Carolina, ApolloMD Florida, ApolloMD Illinois, ApolloMD Alabama, AthenaMD, ERexpress, and PaymentsMD. Am. Comp. [10] at 1.

On November 21, 2013, Plaintiff filed a Proof of Service form [5] with the Court. The Proof of Service form indicates that, on November 12, 2013, a server named Meghann Davenport served the summons on "Freeman Mathis & Gray," who she states is designated by law to accept service on behalf of ApolloMD. Proof of Service [5] at 1. The server does not identify the name of any specific individual who was allegedly served, only the name of the law firm.

On December 3, 2013, ApolloMD filed a Motion to Dismiss [6], arguing that the Complaint must be dismissed on the ground that Plaintiff failed to effect proper service of the summons and Complaint within the time period required by Rule 4(m)

of the Federal Rules of Civil Procedure. In response to that Motion to Dismiss, Plaintiff filed her first "Motion in Opposition to Defendant's Motion to Dismiss" [9]. After Plaintiff filed the Amended Complaint adding new parties as Defendants, ApolloMD filed its Motion to Dismiss Plaintiff's Amended Complaint [12] on February 14, 2014. ApolloMD again argued that the Amended Complaint must be dismissed for Plaintiff's failure to effect timely service. In response to the Motion to Dismiss the Amended Complaint, Plaintiff filed a Second "Motion in Opposition to Defendant's Motion to Dismiss" [16] on March 10, 2014. On that same day, she also filed an "Amendment to Complaint (Incorrect Name)" [14], in which she requests leave of Court to amend the Complaint a second time to "correct" the name of the Defendant to ApolloMD/Independent Physician Group, the Defendant she named in the original Complaint.

## II.    DISCUSSION

### A.    *ApolloMD's First Motion to Dismiss*

Defendant ApolloMD has filed a Motion to Dismiss [6] pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. As discussed above, the Plaintiff's original Complaint has been replaced by her Amended Complaint. Therefore, the original Complaint is no longer the operative pleading. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th

5

Cir. 2007) (*per curiam*) (an "amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary") (*quoting Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

Because the first Motion to Dismiss sought dismissal of the original Complaint, that motion is now moot. Accordingly, the undersigned **RECOMMENDS** that ApolloMD's first Motion to Dismiss [6] be **DENIED as moot**.

B.    *ApolloMD's Motion to Dismiss Amended Complaint*

After Plaintiff filed the Amended Complaint, Defendant ApolloMD filed a Motion to Dismiss Plaintiff's Amended Complaint [9]. This second Motion to Dismiss was also brought pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. ApolloMD argues that Plaintiff failed to effect timely service within the time period required by Rule 4(m) of the Federal Rules of Civil Procedure, and thus, her Amended Complaint must be dismissed.

Service of process in the federal courts is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(c) provides, in relevant part:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4 (m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1).

Rule 4(h) of the Federal Rules of Civil Procedure establishes the proper method of service of process upon corporations. Pursuant to Rule 4(h), service upon a corporation may be effected either by (1) complying with the requirements of service under the law of the state in which the district court is located or in which service is effected, or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).

Rule 4(m) provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The 120-day time period imposed by Rule 4(m) was not meant to be enforced harshly or inflexibly. *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir. 1990); *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M. D. Fla. 1993). The rule was intended "to be a useful tool for docket management, not an instrument

of oppression." *Floyd*, 900 F.2d at 1049 (*quoting United States v. Ayer*, 857 F.2d 881, 885-86 (1st Cir. 1988)).

After expiration of the 120-day time limit, Rule 4(m) provides two methods by which a plaintiff may avoid dismissal of the complaint: through a showing of "good cause" or by convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause. FED. R. CIV. P. 4(m); *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *see also Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir.1995).

> [T]he plain language of the rule itself explains that in all cases, the court has the option of dismissing the action or extending time for service. The fact that the word "shall" is used along with the disjunctive "or" in the first clause indicates that the court has discretion to choose one of these options. As an exception to this general provision, the second clause notes that if good cause exists, the district court has no choice but to extend time for service. Thus, the logical inference that can be drawn from these two clauses is that the district court may, in its discretion, extend time even absent a finding of good cause.

*Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m) advisory committee's note (1993) ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed

120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

Thus, under Rule 4(m), the Court must first determine if good cause exists for an extension of time. If good cause exists, the Court must extend the time for service. "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)); *see also Pierce v. Kyle*, 445 Fed. Appx. 201, 202 (11th Cir. 2011); *Asad v. Crosby*, 158 Fed. Appx. 166, 171 (11th Cir. 2005). If, however, the Court finds that Plaintiff has failed to demonstrate good cause for the failure to effect service, the Court may consider whether, in its discretion, it should extend the time for service or dismiss the case without prejudice. *See Horenkamp*, 402 F.3d at 1132; *Petrucelli*, 46 F.3d at 1305.

Defendant ApolloMD argues that Plaintiff failed to effect proper service of the summons and Complaint within the 120-day time period provided by Rule 4(m). ApolloMD argues that the time for effecting service of the summons and complaint expired on November 12, 2013,[1] and that Plaintiff's attempted service on "Freeman

---

[1] Plaintiff filed the Complaint on July 16, 2013. The undersigned calculates the 120-day period for effecting service as expiring on November 13, 2013.

Mathis & Gray" on that day was legally insufficient. According to ApolloMD, the process server attempted to serve Mr. Rita Erves, an administrative assistant at Freeman Mathis & Gary, the law firm representing ApolloMD in this matter. Def. Br. [12] at 6. ApolloMD claims that the server merely left the summons and Complaint on the receptionist's desk and walked out without identifying herself or specifying to whom the documents should be delivered. *Id.* ApolloMD argues that neither Ms. Erves, nor anyone else employed at Freeman Mathis & Gary, is an officer or registered agent authorized to accept service on behalf of ApolloMD.

ApolloMD filed its Motion to Dismiss Plaintiff's Amended Complaint [9] on January 31, 2014. Under the Local Rules, Plaintiff's response to that motion was due on or before February 18, 2014. *See* LR 7.1B, NDGa; *see also* FED. R. CIV. P. 6(d). Plaintiff, however, did not file a response to the motion until March 10, 2014, when she filed a Second "Motion in Opposition to Defendant's Motion to Dismiss" [16].[2] Although Plaintiff's response was untimely filed under the Local Rules, the undersigned has considered the arguments made in the Plaintiff's response as if it were timely filed.

---

[2] Although Plaintiff styled this document as a "Motion in Opposition to Defendant's Motion to Dismiss" [16], it contains her response to ApolloMD's Motion to Dismiss the Amended Complaint. *See* discussion of Plaintiff's Motions in Opposition, *infra*.

In the Plaintiff's response, she argues that she "relied on the advice of outside counsel regarding the time frame permitted to serve the defendant." Pl. Mot. [16] at 1. According to Plaintiff, she "lost track of time" and once she "realized that appropriate counsel had not been obtained," she attempted to serve ApolloMD at the office of its counsel. *Id.* Plaintiff does not contend that she ever made any effort to investigate the registered agent for service of process on ApolloMD, nor does she state that she ever made any effort to serve anyone employed by ApolloMD, including an officer or executive. Instead, she offers several reasons for her failure to effect proper and timely service on ApolloMD: she was actively seeking new counsel to handle this matter and she thinks she may have found counsel to assist with this matter going forward; she was enrolled in school full-time, actively pursuing a Ph.D. degree; she was unemployed and was actively seeking employment; she was notified by Benton J. Mathis, Jr., and Kelly Eisenlohr-Moul of Freeman Mathis and Gary on August 7, 2013, that they were representing the Defendant in this matter; and she was advised by "outside counsel" that she had 120 days to serve the Complaint, and that she could serve the Defendant "at the office of their counsel." *Id.* at 2-3. Plaintiff does not identify the "outside counsel" who she claims advised her to serve ApolloMD at the office of its counsel.

Plaintiff further contends that she "was not aware that serving the clerk (representative) who was the first contact of the organization that the server encountered, was not effectively serving the defendants [sic] counsel." *Id.* at 3. Plaintiff claims that the "clerk (representative)" communicated to the server "that they [the summons and complaint] would give given [sic.] to the appropriate individuals." *Id.* Plaintiff contends that "[t]his lead [sic] server and plaintiff to believe that the appropriate parties had in fact been served." *Id.* Plaintiff does not identify the name of this "clerk" or "representative" who allegedly informed the server that the summons and complaint would be "given to the appropriate individuals." In sum, Plaintiff does not dispute the Defendant's contention that she failed to effect proper service of the summons and Complaint on ApolloMD in accordance with the requirements of Rule 4. Instead, she is essentially requesting that the Court excuse her failure to serve ApolloMD because she is proceeding *pro se*, and was given advice by "outside counsel" that she should serve Defendant at the office of its counsel.

Plaintiff filed the Complaint on July 16, 2013. Although Defendant argues that the time for effecting service expired on November 12, 2013, the undersigned finds that the 120-day period for effecting service under Rule 4(m) expired on November 13, 2013. In any event, Defendant has shown that Plaintiff failed to effect proper service of the summons and Complaint within the 120-day time period provided by

12

Rule 4(m). Plaintiff is advised that her attempt at service by delivering the summons and Complaint to counsel for Defendant was not service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1); *see Muhammad v. HSBC Bank USA, Nat'l Ass'n*, Civil Action No. 10-00054-CG-B, 2010 WL 2573550, at *2 (S.D. Ala. June 9, 2010) (service on counsel was not legally sufficient under Rule 4 absent documentation establishing that the firm or anyone connected with the firm is the authorized agent to receive service on behalf of the defendant).

Plaintiff has not argued that she ever attempted to effect personal service on ApolloMD or its registered agent. She admits that the only attempt to effect service on ApolloMD was the single attempt on November 12, 2013, when the server gave the summons and complaint to an unidentified "clerk (representative)" at the law firm of Freeman Mathis & Gary. Although the Plaintiff was placed on notice by Defendant in its first Motion to Dismiss, filed on December 3, 2013, and its second Motion to Dismiss, filed on February 14, 2014, that her one attempt at service was insufficient, Plaintiff has apparently made no further attempt to effect proper service on ApolloMD in accordance with the requirements of Rule 4.

As discussed above, mere inadvertence or negligence cannot support a finding of good cause; instead, good cause exists only when an "outside factor," including a

13

plaintiff's "reliance on faulty advice," prevented service. *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)); *see also Pierce v. Kyle*, 445 Fed. Appx. 201, 202 (11th Cir. 2011); *Asad v. Crosby*, 158 Fed. Appx. 166, 171 (11th Cir. 2005). Plaintiff argues that she relied on the advice of an unidentified "outside counsel" who informed her that service on the Defendant's counsel was sufficient.

Plaintiff does not substantiate this purported advice from "outside counsel," and Plaintiff does not even identify this lawyer or explain his or her role in this case. Moreover, even if this were "good cause," Plaintiff has clearly has not shown good cause for her failure even to attempt to effect proper service after that time period expired. She has not offered any explanation for her failure to make any other attempts at service after the Defendant notified her that her attempt at service on its counsel was insufficient under the law. ApolloMD filed its first Motion to Dismiss on December 3, 2013, and its second Motion to Dismiss on February 14, 2014, and in both of those motions it argued that Plaintiff's attempt at service was legally sufficient. As of this date, more than eight months have passed since Plaintiff filed the Complaint, and almost four months have passed since Plaintiff was first put on notice that her attempt at service was ineffective, but she has done nothing in that time to

14

make another attempt at service, or to seek relief or assistance from the Court in extending the time for service.

Nevertheless, even when a plaintiff fails to show good cause for a failure to effect timely service, Rule 4(m) allows the Court to extend the period for service of process and direct that service occur within a specified time. *See Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (*"Even in the absence of good cause, a district court has the discretion to extend the time for service of process."*). In applying Rule 4(m), courts are guided by the Advisory Committee's Note to the 1993 amendments to the rule, which states that a court's decision to relieve a plaintiff of the consequences of the application of Rule 4(m) is justified when the applicable statute of limitations would otherwise preclude the plaintiff's claim.

> Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

FED. R. CIV. P. 4(m), Advisory Committee Note (1993); *see also Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) ("Although the running of the statute of limitations does not require that a district court extend the time for service of process under the new rule, we agree with the district court that the circumstances of this case militate in favor of the exercise of the district court's discretion to do so." (citations omitted)).

15

The Court notes that dismissal of this action would effectively bar Plaintiff from re-filing this action, because more than ninety days have passed since her receipt of a right-to-sue notice from the EEOC.[3] *See* 42 U.S.C. § 2000e-5(f)(1). Thus, although the Plaintiff has failed to establish good cause for her failure to effect timely service of the summons and Complaint even after the Defendant informed her–*twice*–that her attempt to serve its counsel was insufficient under Rule 4, the undersigned finds that the circumstances indicate that the Court should exercise its discretion in this case to extend the time for service, as permitted by Rule 4(m).

Accordingly, Plaintiff is **ORDERED** to effect proper service of the summons, Complaint, and Amended Complaint on Defendant ApolloMD within **twenty-one (21) days** of the entry of this Order. Plaintiff is advised that she must personally serve the Defendant, or an agent legally authorized to accept service on its behalf, in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure. Plaintiff is further **ORDERED** to file proof of service with the Court within **thirty (30) days** of the entry of this Order. Plaintiff is advised that a failure to comply with this Order may result in dismissal of this action.

---

[3] In the Complaint, Plaintiff alleges that she received a Notice of Right-to-Sue letter from the EEOC on April 17, 2013. Compl. [1] at ¶ 11.

16

Because the Court has extended the time for effecting service under Rule 4(m), the undersigned **RECOMMENDS** that ApolloMD's Motion to Dismiss Plaintiff's Amended Complaint [12] be **DENIED**. Should the Plaintiff fail to effect proper service on Defendant within the extended time period set forth herein, the Defendant may renew its Motion to Dismiss, relying on the same arguments set forth in the prior motion.

### C.   *Plaintiff's Motions in Opposition*

In response to the Motions to Dismiss filed by ApolloMD, Plaintiff filed a "Motion in Opposition to Defendant's Motion to Dismiss" [9] and a Second "Motion in Opposition to Defendant's Motion to Dismiss" [16]. Plaintiff contends that she was advised by counsel that service upon the Defendant's counsel was sufficient, and she requests that this action not be dismissed. Plaintiff seeks no specific relief from the Court, other than requesting that the action not be dismissed. For the reasons set forth above, Plaintiff's Motion in Opposition [9] and Second Motion in Opposition [16] are **GRANTED**.

### D.   *Plaintiff's Motion to Amend*

Finally, Plaintiff has also requested leave of Court to amend her Complaint a second time. Plaintiff previously filed an Amended Complaint [10] on January 31, 2014. The Amended Complaint contained no factual allegations or substantive claims,

but added the following parties as Defendants: ApolloMD North Carolina, ApolloMD Florida, ApolloMD Illinois, ApolloMD Alabama, AthenaMD, ERexpress, and PaymentsMD. Am. Comp. [10] at 1.

On March 10, 2014, Plaintiff filed an "Amendment to Complaint (Incorrect Name)" [14] ("Motion to Amend"), in which she requests leave of Court to amend the Complaint a second time. This time the Plaintiff seeks to "correct" the name of the Defendant to "ApolloMD/Independent Physician Group," the only Defendant she named in the original Complaint. Thus, it appears that Plaintiff is not actually seeking to amend the complaint a second time, but only to dismiss her claims against those Defendants who were added to the case in the Amended Complaint. Plaintiff attached no proposed amendment to the Motion to Amend, nor does she explain how she seeks to amend any of the factual allegations or legal claims asserted in the original Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendments of pleadings before trial. Rule 15(a) states that a party "may amend its pleading once as a matter of course" within 21 days after serving the pleading, or, if the pleading is one in which a responsive pleading is required, within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with

the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

The Eleventh Circuit has elaborated on the meaning of the phrase "when justice so requires," summarizing the rule as follows:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir. 1992) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision whether to grant leave to amend is within the sound discretion of the trial court, but, in denying leave to amend, the court should state a specific reason justifying denial. *Foman*, 371 U.S. at 182 (1962); *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993); *see also Smith v. Duff & Phelps, Inc.*, 5 F.3d 488, 493 (11th Cir. 1993); *Hester v. International Union of Operating Engineers*, AFL-CIO, 941 F.2d 1574, 1578 (11th Cir. 1991).

In this case, the undersigned finds that the Plaintiff's request to amend the Complaint a second time is futile. Plaintiff does not actually seek to amend the Complaint; she seeks only to dismiss certain Defendants who have not yet entered an appearance in the action: ApolloMD North Carolina, ApolloMD Florida, ApolloMD

Illinois, ApolloMD Alabama, AthenaMD, ERexpress, and PaymentsMD. *See* Pl. Mot. [14] at 102. Plaintiff, however, may voluntarily dismiss her claims against those Defendants without amending the Complaint. *See* FED. R. CIV. P. 41(a)(1)(A) (a plaintiff may voluntarily dismiss an action without court order by filing a notice of dismissal before a party has filed either an answer or a motion for summary judgment).

Accordingly, Plaintiff's Motion to Amend [14] is **DENIED**. Plaintiff's request to voluntarily dismiss her claims against all other Defendants other than ApolloMD, however, is granted.[4] The Clerk is **DIRECTED** to update the docket to reflect that the following Defendants have been dismissed as parties: ApolloMD North Carolina, ApolloMD Florida, ApolloMD Illinois, ApolloMD Alabama, AthenaMD, ERexpress, and PaymentsMD.

## III.   CONCLUSION AND RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that ApolloMD's Motion to Dismiss [6] be **DENIED as moot**. **IT IS FURTHER RECOMMENDED**

---

[4] In its response to the Plaintiff's Motion to Amend, Defendant ApolloMD has opposed the motion on the ground that it is futile. Defendant states: "Should the Court decline to grant Defendant's Motion to Dismiss the Amended Complaint filed contemporaneously herein, Defendant does not otherwise oppose Plaintiff's Motion to Amend." Def. Br. [20] at 7 n.2. Thus, it appears that ApolloMD consents to allowing Plaintiff to dismiss her claims against the other Defendants.

that ApolloMD's Motion to Dismiss Plaintiff's Amended Complaint [12] be **DENIED**.

Plaintiff is **ORDERED** to effect proper service on Defendant ApolloMD within **twenty-one (21) days** of the entry of this Order, and is **ORDERED** to file proof of service with the Court within **thirty (30) days** of the entry of this Order.

Plaintiff's Motion in Opposition [9] and Plaintiff's Second Motion in Opposition [16] are **GRANTED**.

Plaintiff's Motion to Amend [14] is **DENIED**. Because Plaintiff states that she seeks to voluntarily dismiss her claims against certain Defendants, however, the Clerk is **DIRECTED** to update the docket to reflect that the following Defendants have been dismissed as parties: ApolloMD North Carolina, ApolloMD Florida, ApolloMD Illinois, ApolloMD Alabama, AthenaMD, ERexpress, and PaymentsMD.

**IT IS SO ORDERED and RECOMMENDED** this 7th day of April, 2014.

_____

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE